MIDDLE DISTRICT OF LOUISIANA

RONALD KNIGHTSHED

VERSUS

STATE OF LOUISIANA THROUGH
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, WARDEN
(FNU) DELANEY, BURL CAIN,
CAPTAIN JOHN SANDERS

CIVIL ACTION

NO. 11-610-JJB-SCR

## RULING ON MOTION TO DISMISS

This matter is before the Court on a motion to dismiss filed by Defendants (doc. 15). Plaintiff filed an opposition (doc. 18) to which Defendants did not file a reply. The Court has jurisdiction over this matter under 28 U.S.C. § 1331. For the following reasons, the motion to dismiss is DENIED and Plaintiff is ordered to correct the deficiencies in service of process.

Plaintiff is a prisoner at the Louisiana State Penitentiary in Angola. Prior to the incident that led to this lawsuit he filed an administrative complaint against a deputy warden, Defendant Delaney ("Delaney"). The complaint alleged Delaney falsely accused Plaintiff of stealing items from the metal shop. Among other things, this would have jeopardized his status as a prison trusty. As a result of this complaint, Plaintiff alleges Delaney threatened him with violence by "his people" if Plaintiff did not withdraw the complaint. That same evening, Plaintiff's cell was subjected to a routine search. The procedure of the search requires the inmate to be handcuffed to the cell bars. As he was being shackled, Plaintiff

alleges Defendant Sanders ("Sanders") approached and sprayed a chemical agent in his eyes, causing various injuries. Plaintiff claims the guard shackling him to the cell also was sprayed. The guard later died; Plaintiff claims as a result of this chemical. Plaintiff filed suit under 42 U.S.C. § 1983 for damages stemming from this incident. Defendants bring this motion alleging they were not properly served within 120 days of the filing of this suit. They seek dismissal due to this defect under Rules 12(b)(4), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure.

Rule 4(m) states, in pertinent part, "if a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In their memorandum, Defendants cite only the "must dismiss without prejudice" language without the conjunctive clause. (Doc. 15-1 at 2). Then, in their conclusion, they "move this Court to dismiss this complaint *with* prejudice and at plaintiff's cost." *Id*. (emphasis added). The Court is disturbed in two ways: 1) that Defendants' counsel would selectively—and deceptively—state the law; and 2) ask the Court to exceed the remedy provided by the rule. Rather than think counsel would intentionally seek to have the law misapplied, the Court will

instead chalk it up to a lack of familiarity with Rule 4. Counsel is encouraged to be more careful in the future.

The Fifth Circuit has held that "the plain language of rule 4(m) broadens a district's court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

Defendants do not specify how service or the process served was deficient, but it appears as though the summons was not properly signed by the clerk of court. Plaintiff now claims, and Defendants do not dispute, that Defendants have as of this time been properly served. Neither party discusses whether good cause exists for this seeming defect in the summons. Defendants note that "the record is devoid of any evidence that the defendants have been properly served." (Doc. 15-1 at 2).

The Court will extend the time for service of process thirty (30) days from the date of this ruling. Plaintiff is to properly serve Defendants. If they have indeed been properly served, then Plaintiff will put evidence of such into the record. Defendants' motion to dismiss is DENIED.

Signed in Baton Rouge, Louisiana, on June 20, 2012.

```
_____
     JUDGE JAMES J. BRADY
     UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF LOUISIANA
```