UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONALD KNIGHTSHED #424685

CIVIL ACTION

VERSUS

NO. 11-610-JJB

STATE OF LOUISIANA, *et al.*

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on a motion for summary judgment filed by Defendants, Louisiana State Penitentiary ("LSP"), Warden Burl Cain, LSP Corrections Sergeant John Sanders,[1] and LSP Assistant Warden Carl "Tim" Delaney. (Doc. 22). Plaintiff, Ronald Knightshed ("Knightshed"), has filed an opposition. (Doc. 24). Oral argument is not necessary. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendants' motion for summary judgment is GRANTED.

Knightshed filed a complaint alleging that on or about August 19, 2010, Assistant Warden Delaney falsely and fraudulently wrote Knightshed up for the theft of materials from the penitentiary metal shop, which resulted in his loss of "Trustee" status at LSP. Knightshed wrote an informal letter to Warden Cain regarding the incident, which Knightshed claims led to a retaliatory confrontation with Assistant Warden Delaney. Knightshed asserts that this confrontation

---

[1] Recent memoranda submitted by the Defendants have referred to John Sanders as Captain. For purposes of this ruling, Captain John Sanders and Sergeant John Sanders are considered one and the same.

1

prompted him to file a formal complaint to Warden Cain through the Administrative Remedial Process ("ARP"). Knightshed alleges that Assistant Warden Delaney demanded the ARP be withdrawn or "his people" would "visit him" that night. Knightshed alleges he was sprayed with a chemical agent, "mace," that evening by Sergeant Sanders during a "cell shakedown." Knightshed alleges that this was a retaliatory attack for the filed ARP complaint and that he suffered pain, breathing complications, and ultimately a heart attack. The next day, in order to receive medical treatment for his injuries, Knightshed alleges that he was forced by Assistant Warden Delaney to "voluntarily withdraw" his ARP complaint. Knightshed withdrew his complaint and was treated for medical complications including a heart attack, which resulted in open chest surgery. Knightshed filed this complaint on September 7, 2011.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant, or party seeking summary judgment, bears the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Further, summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.

1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

Defendants offer multiple arguments in support of summary judgment. In opposition of Knightshed's federal claims, Defendants first argue that Knightshed did not suffer physical injury as required under 42 U.S.C. § 1997e(e). Second, Defendants argue that the claims against Warden Cain, Assistant Warden Delaney, and Sergeant Sanders, in their official capacity, should be dismissed as against the state, which is entitled to sovereign immunity. Third, Defendants argue that Knightshed failed to exhaust the administrative remedies available to him as required by 42 U.S.C. § 1997e(a). Fourth, Defendants argue that the claims against Warden Cain should be dismissed because he was not personally involved in the alleged retaliation and excessive use of force.

The Court first addresses the Defendants' claim that Knightshed failed to exhaust the administrative remedies available to him. Defendants contend that The Prison Litigation Reform Act of 1995 ("PLRA") requires that all administrative remedial procedures available to the prisoner be exhausted before any judicial action may be brought. Defendants argue that the ARP filed against Assistant Warden Delaney did not address the claims articulated in the complaint, retaliation for the ARP and excessive force. The only ARP filed was regarding the previous verbal confrontation with Assistant Warden Delaney and Knightshed's subsequent segregation, which followed the informal letter complaining of

Case 3:11-cv-00610-JJB-SCR   Document 25   11/08/12   Page 3 of 7

wrongful allegations of theft against Knightshed. Finally, Defendants argue that Knightshed did not file an ARP against any of the Defendants regarding the alleged incidents in Knightshed's complaint.

Knightshed argues that he filed an ARP against Assistant Warden Delaney in accordance with the remedial process available to him. He argues that he only withdrew the complaint in order to receive medical treatment for chest pain, which Assistant Warden Delaney was withholding from him. Knightshed argues that this is not a failure to exhaust because he would have continued through the steps of the remedial process were it not for Assistant Warden Delaney's strong arm tactics. Knightshed does not address the argument that the complaints against the other defendants were not urged through the remedial process. Neither does Knightshed address the argument that the filed ARP against Assistant Warden Delaney does not encompass the actions complained of in his complaint filed in district court.

The 5th Circuit held in *Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir. 1998), that under the PLRA, 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. An unrelated portion of *Underwood's* holding was abrogated; however, the remainder of *Underwood's* premise remains valid precedent. *Jones v. Bock,* 549 U.S. 199, 216-17 (2007). A prisoner must exhaust his administrative remedies by complying with applicable

prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson,* 385 F.3d 503, 517 (5th Cir. 2004). The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003). However, *Underwood* provides a still valid ruling that an administrative remedy may be unavailable "where prison officials ignore or interfere with the prisoner's pursuit of relief." *Underwood,* 151 F.3d at 296.

The PLRA does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones,* 549 U.S. at 218. Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The primary purpose of a grievance is to alert prison officials to a problem, not to provide notice to a particular official that he may be sued. *Johnson,* 385 F.3d at 522. A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.*

In this case, neither the complaint (Doc. 1), nor Knightshed's opposition to the motion for summary judgment (Doc. 24), allege that an ARP was filed regarding the factual allegations that give rise to this suit. An administrative remedy procedure exists, which provides a two-step process beginning with the filing of an ARP with the Warden and concluding with review by the Secretary of the Department of Public Safety and Corrections. The naming of the defendants

5

Case 3:11-cv-00610-JJB-SCR   Document 25   11/08/12   Page 5 of 7

is not required, but notice of the incidents through an ARP is required prior to filing suit.

The ARP that was filed detailed an alleged improper administrative segregation by Assistant Warden Delaney regarding the theft of materials by Knightshed. (Doc 22-3, pg. 6-7). This ARP claim was allegedly withdrawn due to coercion by Assistant Warden Delaney. However, none of the theories of recovery in this suit are based on the claims made within the withdrawn ARP. The incidents which form the basis of this suit occurred subsequent to the filing of the withdrawn ARP. As a result, notice was not provided to prison officials in order for them to address the problem prior to filing suit. Knightshed does not allege that he was unable to pursue the available administrative process regarding the factual allegations giving rise to this complaint. Nor does he allege that the Defendants interfered with his filing of an ARP complaint regarding the factual allegations giving rise to this complaint. Therefore, the motion for summary judgment must be granted due to a failure to exhaust administrative remedies, in accordance with 42 U.S.C. § 1997e(a). The Court does not reach the Defendant's other arguments.

The Defendants also seek summary judgment on Mr. Knightshed's intentional infliction of emotional distress claim. The Court finds that this issue is best left for a state court.

6

Case 3:11-cv-00610-JJB-SCR   Document 25   11/08/12   Page 6 of 7

> [A] federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties. For this reason, pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. . . . [T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349–50 (1988). Jurisdiction in this court is based on federal question. Since all federal questions have been disposed of, the Court finds it sensible to decline the exercise of jurisdiction on Knightshed's state law claims.

Accordingly, Defendants' Motion for Summary Judgment is hereby GRANTED. Knightshed's state law claims are dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on November 8th, 2012.

```
JAMES J. BRADY, DISTRICT JUDGE
```

7