UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONALD KNIGHTSHED #424685

CIVIL ACTION

VERSUS

NO. 11-610-JJB

STATE OF LOUISIANA, ET AL.

**RULING ON MOTION TO RECONSIDER**

This matter is before the Court on a Motion to Reconsider (Doc. 26) by the Plaintiff, Ronald Knightshed. The Motion is opposed (Doc. 30). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Oral argument is not necessary.

Knightshed asks the Court to reconsider its November 8, 2012 summary judgment ruling granting summary judgment in favor of the Defendants due to Knightshed's failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). Knightshed argues genuine issues of material fact exist based on newly found evidence—a newspaper article stating that the American Civil Liberties Union is investigating the potential of system-wide misuse and abuse of pepper spray on inmates at Angola—and the fact that discovery had not been completed in this case.

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions. A Court retains jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). Final judgment has not been issued in this case, so the instant motion is properly considered under Rule 54(b).

1

District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Kemp v. CTL Distribution, Inc.*, No. 09-1109, 2012 U.S. Dist. 860404, at *3 (M.D. La. March 13, 2012). Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Georgia Pacific, LLC v. Heavy Machines, Inc.*, No. 07-944, 2010 U.S. Dist. WL 2026670, at *2 (M.D. La. May 20, 2010). "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).

The newspaper article and the argument that discovery was not complete are not substantial reasons for reconsideration. Knightshed does not argue, much less convince the Court, that the evidence and alleged discovery issue could affect the decision that he failed to exhaust administrative remedies.

Accordingly, Ronald Knightshed's Motion to Reconsider (Doc. 26) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 12, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**